# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN CERTA, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1003 |
| | § | |
| THOMAS CAIN, *et al.*, | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiffs' Motion to Remand [Doc. # 23], seeking remand of this case following Defendants' second Notice of Removal. Defendants filed their Response [Doc. # 24] and the Motion to Remand is ripe for decision. Because removal was based on diversity jurisdiction and was filed more than one year after the case was originally filed, the Motion to Remand is **granted**.

## I.     BACKGROUND

Plaintiffs filed this lawsuit in Texas state court, alleging that Defendants defrauded them in connection with certain real property in Matagorda County, Texas. Defendants removed the case to federal court, arguing that Allen Cumbie, the non-diverse Defendant, was fraudulently joined and that his citizenship should not be considered for purposes of determining diversity jurisdiction. This Court disagreed and remanded the case to state court.

Following remand, Cumbie filed a motion to dismiss and a motion to transfer venue. Plaintiffs later settled with Cumbie and he was dismissed from the state court lawsuit. Defendants then filed a second Notice of Removal, again asserting this Court's jurisdiction based on complete diversity of citizenship. Plaintiff's moved to remand and for sanctions.

## II.  ANALYSIS

This lawsuit was commenced on October 6, 2006, and the second Notice of Removal was filed on June 11, 2008. A "case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [diversity of citizenship] more than 1 year after commencement of the action." 28 U.S.C. § 1446(b).

The Court may equitably extend the one-year time limit on removal. *See, e.g., Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir. 2003). In *Tedford*, the plaintiff "signed and post-dated a Notice of Nonsuit" of the non-diverse defendant but did not file the nonsuit with the Court until just after the one-year time limit of § 1446(b) expired. *See id.* at 427-28. There is nothing in this record, however, to indicate that Plaintiffs manipulated the settlement with and dismissal of Cumbie in order to thwart Defendants' removal rights. Instead, this case was remanded on July 31, 2007, and Cumbie accepted service on August 9, 2007. The one-year limit

expired on October 6, 2007.[1]  On December 4, 2007, Plaintiffs granted Cumbie a second extension of time to respond to the complaint.  Cumbie filed a motion to dismiss on January 3, 2008.  Plaintiffs settled with and agreed to the dismissal of Cumbie in early June 2008.

Defendants complain that they were not served with a copy of the Stipulation of Dismissal, but by June 2008, the deadline for removal had already expired.  There is no evidence, or even an allegation, that Plaintiffs settled with Cumbie prior to October 6, 2007, but intentionally delayed filing the settlement and dismissal documents until eight months after the deadline expired.

Defendants have failed to show that Plaintiffs attempted to manipulate the time limits of § 1446(b) in order to prevent Defendants from exercising their right to remove the case to federal court.  As a result, equity does not require an extension of the one-year limit and the case will be remanded to state court as untimely removed.  The Court declines, however, the impose sanctions on Plaintiffs.

### III.  CONCLUSION AND ORDER

---

[1] Most of the time between the filing of the lawsuit in state court and the expiration of the one-year limit on October 6, 2007, was spent in connection with the unsuccessful removal of a lawsuit with a clearly non-diverse defendant and the briefing of Plaintiffs' successful motion to remand.

Defendants' removal of this lawsuit was untimely and they have failed to establish a basis for equitable tolling. Consequently, it is hereby

**ORDERED** that the Motion to Remand [Doc. # 23] is **GRANTED**. The case will be remanded by separate order to the 12th Judicial District Court of Walker County, Texas. It is further

**ORDERED** that the request for sanctions is **DENIED**.

SIGNED at Houston, Texas, this **27th** day of **June, 2008**.

_____
Nancy F. Atlas
United States District Judge